OPINION OF THE COURT
John M. Leventhal, J.
*750 In March 1999, defendant was convicted of burglary in the second degree upon a plea of guilty and was sentenced to seven years. Defendant, pro se, now moves this court pursuant to CPLR 1101 and 1102 for permission to proceed as a poor person and to receive a stenographic transcript of his sentencing without cost. In deciding this motion, the court has reviewed defendant’s motion and the People’s answer. For the reasons set forth below, defendant’s motion is denied without prejudice.
CPLR 1101 (a) requires that the moving party supply an affidavit which sets forth, inter alia, the nature of the action and sufficient facts so that the merit of the contentions can be ascertained. The affidavits furnished by defendant in support of his motion contain no explanation of the purpose of his request and no factual basis upon which the merits of this claim can be considered. Therefore, defendant has not met the requirements of the statute. Furthermore, CPLR 1101 (a) provides that only those courts in which an action is triable or to which an appeal has been or will be taken may grant permission to proceed as a poor person. There is currently no triable action before this court, and this is not an appellate court. Therefore, this court is devoid of jurisdiction to grant the relief sought by defendant.
A criminal defendant has no absolute right to a free copy of trial transcripts. CPL 460.70 provides that if the appellate court grants defendant permission to proceed as a poor person, that court shall furnish the defendant with a copy of the transcript, if so doing is necessary to perfect the appeal. If defendant’s request is, in fact, for appellate purposes, he should submit this request to the Appellate Division.*
Accordingly, defendant’s motion is denied without prejudice.

 Parenthetically, it is unlikely that defendant’s request is for appellate purposes, as he was convicted and sentenced in March 1999. Under CPL 460.10, a party seeking to appeal as of right must file a notice of appeal within 30 days of the imposition of sentence. If the appellant is the defendant, he or she must perfect that appeal within nine months from the date of the notice of appeal (22 NYCRR 670.8 [f]). If the appeal is not perfected within this time, or no request for an extension of time to perfect the appeal has been granted, the appeal is deemed abandoned (id.).